UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOYCE B. ZURAWSKI, on behalf        )
of J.S., a minor child,             )   No. CV-05-138-CI
                                    )
            Plaintiff,              )   ORDER GRANTING PLAINTIFF'S
                                    )   MOTION FOR SUMMARY JUDGMENT
v.                                  )   AND ACCEPTING SUPPLEMENTAL
                                    )   BRIEFING
JO ANNE B. BARNHART,                )
Commissioner of Social             )   **---- ACTION REQUIRED ----**
Security,                           )
                                    )
            Defendant.              )
                                    )

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 13), submitted for disposition without oral argument on December 19, 2005. Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment.

Plaintiff protectively filed for Supplemental Security Income benefits on behalf of the minor child on September 25, 1995 (Tr. at 81-82), alleging disability due to attention deficit hyperactive disorder (ADHD). Benefits were denied initially and on reconsideration; an administrative hearing was held before Administrative Law Judge (ALJ) Edward R. Bergtholdt, who denied benefits on February 24, 1999. (Tr. at 14.) The Appeals Council

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 1

denied review, and the United States District Court for the Eastern District of Washington remanded the claim pursuant to the parties' stipulation.  (Cause No. CV-00-281-LRS.)

A second administrative hearing was held on October 7, 2003, before ALJ Paul Gaughen. (Tr. at 357-375.)  The ALJ denied benefits on February 10, 2004; review was denied by the Appeals Council on March 8, 2005.  (Tr. at 198-200.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

ALJ Gaughen concluded the minor child had not engaged in substantial gainful activity since the alleged onset date.  He suffered from ADHD and learning disorder by history.  The credibility of witnesses was not at issue as the testimony presented was consistent with the ALJ's findings.  The ALJ found Plaintiff's impairments neither met the Listings nor resulted in two marked and/or one severe [now extreme, as amended 2000] functional limitation(s).  (Tr. at 217.)  Thus, the ALJ concluded the minor child was not disabled.

## STANDARD OF REVIEW

The standard of review applicable to juvenile claims for benefits is set forth in 20 C.F.R. § 416.924(d)(2000):[1]  The ALJ must determine whether a claimant's impairments "meet, medically equal or

---

[1]Although the claim at issue was filed prior to the amendment of the regulations on September 11, 2000, the amended rules apply to claims pending at any stage of the administrative review process including claims pending after remand by a federal court.  See 65 Fed. Reg. 54,751.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 2

functionally equal, a listed impairment in Appendix 1 of Subpart P, part 404 of the CFR." The claimant's impairment will medically equal a listed impairment "if the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 416.924(d)(1) (2000). The impairment will be considered functionally equivalent if the claimant has marked limitation in two areas or extreme limitation in one area. 20 C.F.R. § 416.926a(a) (2000). Functional equivalence may be shown in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b) (1)(i), (ii), (iii), (iv), and (v) (2001). In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011-12 (9th Cir. 2003), citing *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). The ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 416.923.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he concluded Plaintiff had less than a marked limitation in his ability to attend and complete tasks (the second domain) based on an improper rejection of Dr. Pollack's findings and reliance on the opinion of the consulting physician.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 3

**ANALYSIS**

Only the functional equivalence of the second domain is at issue here--completing and attending to tasks. Plaintiff contends the ALJ erred when he concluded this domain was not markedly limited, relying on the testimony of consulting physicians, Drs. Bostwick and Toews, and examining physician Dr. Gilbert (who administered tests). Plaintiff further contends the ALJ did not properly reject the findings and opinion of examining physician, Dr. Pollack.

Defendant responds the opinions of the consulting physicians were supported by other evidence found in the record. Dr. Gilbert examined and tested Plaintiff after Dr. Pollack's examination. Defendant further notes Dr. Gilbert did not provide a clear opinion of the level of Plaintiff's impairment but put a question mark in the "Marked" rating category of concentration, persistence and pace. (Tr. at 332.) The ALJ relied on Dr. Gilbert's observations that Plaintiff was not overly active during the examination, made good effort, and showed minor but no major maladaptive behaviors of inattention and impulsivity. (Tr. at 213, 216, 329, 330.) Defendant concludes Dr. Gilbert's opinion combined with the opinions of the consulting physicians Bostwick and Toews, provide support for the ALJ's conclusion.

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection

of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those cases also have found reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion, which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

In child disability cases, functional equivalence of the Listings is determined by analyzing six domains; only the second, attending and completing tasks, 20 C.F.R. § 416.926a(b)(ii), is at issue here. Plaintiff contends Dr. Pollack's findings support a conclusion the impairment is at a marked level. If a child is markedly limited in two domains, the impairment is functionally equivalent to the relevant listing, *id.* § 416.926a(a), and the child

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 5

is disabled, *id.* § 416.924(a).  Here, there is no challenge to the ALJ's conclusion that Plaintiff was markedly limited in the first domain, acquiring and using knowledge.  Thus, if it is determined, based on the record, Plaintiff is markedly limited in a second domain, he would qualify for benefits.

As used in the functional equivalency determination, a limitation is marked if the "impairment(s) interferes seriously with [the] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(2)(i).  As demonstrated by test scores, a marked limitation is two standard deviations below the mean.  20 C.F.R. § 416.926a(e)(2)(iii).  The regulations provide that difficulties in "concentration, persistence, or pace" are shown by "deficiencies resulting in failure to complete tasks in a timely manner."  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, listing 112.00C(3) and (4)(b).  The regulations also explain the claimant is evaluated for difficulties in concentration, persistence, or pace "[in order] to identify the child who cannot adequately function in primary school because of a mental impairment." Listing 112.00C(3).  See also 20 C.F.R. § 416.924a(b)(3)(i) ("[w]hen we evaluate your functioning, . . . [w]e will also look at how well you do the activities [that other children your age typically do] and how much help you need from your . . . teachers, or others.")

There is no dispute here Plaintiff's ability to attend to and complete tasks was affected by ADHD, controlled successfully with medication during the primary grades.  Medication then was stopped by the parents in later school years due to their fear of negative side effects.  School records indicate Plaintiff made minimal progress under the special education accommodation, 60 minutes

outside the classroom daily. (Tr. at 326.) There are numerous references in school records to Plaintiff's need for extra support, absences from school, and his failure to perform assigned work. (Tr. at 279, 298, 309, 312, 313.) Contrasted with school records are medical records which indicate a total lack of treatment for ADHD by the treating physician after 1998 (no problems, eating and sleeping well). (Tr. at 274-277.)

Dr. Gilbert tested Plaintiff at age 15 and concluded he was reading and spelling at the third grade level and able to do arithmetic at the second grade level. (Tr. at 329.) Dr. Gilbert noted Plaintiff was significantly below grade level, the grades did not reflect his normal range IQ scores, and were indicative of a learning disorder in all of these academic areas. (Tr. at 329.) These findings support the ALJ's marked impairment in the first domain, acquiring and using information. (Tr. at 215.)

In the Vineland Adaptive Behavior Scales administered by Dr. Gilbert, Plaintiff exhibited minor maladaptive behaviors, including impulsivity and poor concentration, but no major maladaptive behaviors were identified. (Tr. at 329.) Plaintiff's prognosis for completing high school was poor, but better for a program with emphasis on vocational training. (Tr. at 330.) Dr. Gilbert assessed Plaintiff's global assessment of functioning at 60 (Tr. at 331), indicating moderate limitations, but at the top of the moderate scale. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).

Dr. Pollack, who examined Plaintiff in August 1997, noted at that time Plaintiff had marked limitations in concentration, persistence and pace. (Tr. at 175.) Dr. Pollack completed a second

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ACCEPTING SUPPLEMENTAL BRIEFING - 7

evaluation on September 22, 1998, administering both the TOVA and Aphasia Screening tests. (Tr. at 192-193.) Dr. Pollack noted the TOVA results were consistent with previous testing and that Plaintiff's scores worsened as the test progressed, indicating onset of boredom. Additionally, the Aphasia Screening test revealed body dysgnosia. Dr. Pollack concluded these impairments would result in a "great deal of difficulty" with maintaining attention and concentration and with impulsiveness. (Tr. at 193.)

With respect to Dr. Pollack's findings, the ALJ noted:

> The undersigned finds that the claimant's impairments result in only one marked and no extreme limitation in the assessed domains. In making this assessment, the undersigned must also consider the reports of the state agency medical consultants as well as other treating, examining and non-examining medical sources following the guidelines in 20 C.F.R. § 416.927 and Social Security Rulings 96-5 and 96-6p. The opinions of the non-examining State Agency consultants tend to support the undersigned's conclusions; however, additional evidence was received subsequent to their opinions, including testimony at the hearing, making a new determination necessary in this case. Dr. Pollack opined, based on results of the TOVA testing, that the claimant was having a great deal of difficulty with maintaining attention and concentration, as well as with impulsivity. However, while Dr. Pollack's opinion was considered and weighed by the undersigned, his opinion is not supported by the bulk of the evidence from clinical and school sources. Both Dr. Gilbert and Dr. Bostwick did not find such impairment as outlined by Dr. Pollack. Additionally, Dr. Toews disagreed with Dr. Pollack's conclusions, noting that the two standard deviations below the mean on the TOVA testing **only equated with a marked limitation in attention and concentration**, and did not show any evidence of long-term behavioral problems. For these reasons, Dr. Pollack's opinion has been given diminished weight.

(Ct. Rec. 216-217, emphasis added.)

The court concludes the ALJ does not give specific reasons supported by the record for rejecting the opinions of the examining physicians. Both examining physicians, Drs. Gilbert and Pollack, diagnosed Plaintiff with ADHD. Dr. Gilbert ambiguously indicated a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 8

marked limitation in persistence and concentration (Tr. at 332); Dr. Pollack also indicated a marked limitation in that area. (Tr. at 174.)  Additionally, TOVA testing indicated two standard deviations below the mean, the definition of a marked limitation.  (Tr. at 192.)  Finally, the ALJ referred to Dr. Toews' comment that the TOVA test results would equate with a marked limitation in attention and concentration, but was not evidence of long-term behavioral problems.  (Tr. at 217.)

Under the amended regulations, the domain of attending and completing tasks does not encompass a requirement of long-term behavioral problems.  The Final Rules clarify the criteria within each of the domains.  The domain, "Attending and completing tasks," includes a new definition of "attention" as "level of alertness, concentration, and the initiating, sustaining, and changing of focus needed to perform tasks."  65 Fed. Reg. 54,759.  The Final Rules also further detail "the role of attention in physical and mental effort, in allaying impulsive thinking and acting, and in performing tasks at an appropriate pace, within appropriate time frames." *Id*. In the "interacting and relating with others" domain, the Final Rules include new explanations of how "interacting and relating entail responding to a variety of emotional and behavioral cues, speaking intelligibly, following social rules for conversation and interaction, and responding appropriately to others." *Id.*; *Kittles ex rel. Lawton v. Barnhart*, 245 F.Supp.2d 479, 489-490 (E.D.N.Y. 2003).  Thus, behavior is not a factor in the attending and completing tasks domain.

The ALJ's reasons for rejecting Dr. Pollack's findings were not supported with specific legitimate reasons supported by the record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 9

School records indicate chronic and ongoing problems with attending to tasks.   Dr. Gilbert diagnosed ADHD with questionable marked limitations; that diagnosis and those limitations were confirmed by Dr. Pollack.   The ALJ failed to reject Dr. Pollack's findings with specific evidence, noting only there was no evidence of ongoing behavioral problems, not a factor in the attention domain.   Based on the school records and the findings of Drs. Gilmore and Pollack, the conclusion is the ALJ erred when he failed to determine Plaintiff was markedly limited in the attending and completing tasks domain   *See Roelandt v. Apfel*, 125 F.Supp.2d 1138, 1148 (S.D. Iowa 2001) (reversing ALJ denial of benefits and finding substantial evidence of marked limitation in ability to attend and complete tasks where evidence from teachers and father showed that claimant is not able to focus and maintain attention absent significant individual supervision); *Carballo v. Apfel*, 34 F.Supp.2d 208, 220 (S.D.N.Y. 1999) (rejecting ALJ finding of less than moderate limitation in concentration domain where the record "is notable for its many, striking, and unanimous references to the difficulties [the claimant] experiences in this domain," including the need for constant support, repetition and redirection). Having established two domains with marked limitations, Plaintiff is entitled to benefits.[2]

---

[2]Alternatively, there was testimony by Dr. Toews that Plaintiff's academic performance, at age 15, tested at the first and second grade level.   This would constitute performance at least three standard deviations below the mean, resulting in an extreme limitation in the  domain of acquiring and using knowledge. (Tr. at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ACCEPTING SUPPLEMENTAL BRIEFING - 10

The protective filing date of Plaintiff's application is 1995 when Plaintiff was 8 years old. (Tr. at 14.) The tests confirming the presence of ADHD were administered in September 1998 when Plaintiff was age 11; Dr. Gilbert's assessment noting a questionable marked impairment was completed in November 2002 when Plaintiff was age 15. It is undisputed Plaintiff was treated successfully with Ritalin through 1998 resulting in an improvement of his performance in grade school. Moreover, there are no additional medical records evidencing ADHD treatment after that date. (Tr. at 274.) The extreme disparity in academic progress was not apparent until age 15. Thus, the court permits supplemental briefing or stipulation by the parties on the issue of onset date and necessity for and identity of a protective payee. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **GRANTED. ON OR BEFORE JANUARY 16, 2006,** the parties are directed to file supplemental briefing on the issue of onset date and/or protective payee. Judgment shall be entered following consideration of the supplemental briefing.

2. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED December 29, 2005.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

---

365, 366.) As noted earlier, one extreme limitation also qualifies a claimant for benefits.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ACCEPTING SUPPLEMENTAL BRIEFING - 11